**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| TYRONE IVES | CIVIL ACTION |
| VERSUS | NO. 11-1356 |
| STATE OF LOUISIANA | SECTION "F" (6) |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

Petitioner, Tyrone Ives, who was convicted back in 1998 and is presently incarcerated in the River Correctional Center in Ferriday, Louisiana, is challenging, pursuant to the instant habeas petition, his habitual offender adjudication, claiming that the "bill of information was

not properly filed before the hearing." Petitioner represents that he raised the instant claim pursuant to a writ of habeas corpus filed with the state district court and that court, specifically, Twenty-Fourth Judicial District Court Judge Patrick McCabe, denied him relief on August 24, 2010.[1] Petitioner further represents that he has not sought relief from either the state appellate court or state supreme court in connection with Judge McCabe's adverse decision. This Court has verified petitioner's representation in this regard. The Court contacted the Clerk Offices for both the Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court and was informed that petitioner has filed no pleadings with either court since August 24, 2010.

It is well established that a petitioner must first exhaust his available state court remedies before proceeding to federal court seeking habeas corpus relief. 28 U.S.C. § 2254; *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Preiser v. Rodriquez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

As set forth above, petitioner has clearly failed to exhaust his available state court

---

[1] Petitioner has attached a copy of Judge McCabe's August 24, 2010 Order as an exhibit to the instant action.

remedies. Accordingly;

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that the petition of Tyrone Ives for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[2]

New Orleans, Louisiana, this ___9th___ day of _____June_____, 2011.

LOUIS MOORE, JR.
United States Magistrate Judge

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.